UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 12-10312-RWZ


ANTHONY MARTIN

v.

GARY RODEN


ORDER

February 28, 2013


ZOBEL, D.J.

Petitioner Anthony Martin was convicted in Massachusetts state court of four counts of aggravated rape, one count of rape, and one count of kidnapping. He appealed his conviction to the state Appeals Court, which affirmed the judgment; he then sought further review from the Supreme Judicial Court, but was denied. He now petitions this court for habeas relief.

Respondent has moved to dismiss the petition for including both exhausted and unexhausted claims. See 28 U.S.C. § 2254(b)(1)(A); Rhines v. Weber, 544 U.S. 269, 273-77 (2005); Rose v. Lundy, 455 U.S. 509 (1982). The petition raises four claims:

(1) that the indictment should have been dismissed under Rule 36 of the Massachusetts Rules of Criminal Procedure for pretrial delay;

(2) that petitioner's counsel was ineffective for failing to object to the introduction of medical records that included statements by three doctors concluding the victim had been sexually assaulted;

(3) that the indictment should have been dismissed because the grand jury was presented with facts regarding the alleged rape of another victim; and

(4) that petitioner's counsel was ineffective for failing to object to the introduction of a condom found at the scene of the charged offense.

Petitioner concedes that claims 3 and 4 were not properly exhausted and voluntarily dismisses them. He now seeks relief only on claims 1 and 2.

**I.  Claim 1**

On its face, claim 1 raises only an issue of Massachusetts law. It depends solely on the correct interpretation of Rule 36 of the Massachusetts Rules of Criminal Procedure. Petitioner therefore cannot obtain federal habeas relief on this claim. 28 U.S.C. § 2241(c)(3) (federal habeas extends only to persons in custody "in violation of the Constitution or laws or treaties of the United States"); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

To the extent petitioner now seeks to base claim 1 on the Sixth Amendment's Speedy Trial Clause, that argument was not fairly presented to the Appeals Court and so is not exhausted. The Rule 36 claim that petitioner exhausted in the state courts is "wholly separate" from a federal Speedy Trial Clause claim. Commonwealth v. Lauria, 576 N.E.2d 1368, 1371 (Mass. 1991). Petitioner's briefs in the Appeals Court made no mention of the Speedy Trial Clause or any case interpreting it. Simply quoting the Sixth Amendment in its entirety in the statutory addendum does not fairly raise a Speedy Trial Clause argument. See Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (exhaustion requires fairly presenting the federal claim to the state courts).

If petitioner wishes to raise a Speedy Trial Clause claim, he must first exhaust

that claim through any available state remedies. He may then seek to amend his petition to add that claim.

## II. Claim 2

Petitioner concedes that claim 2 also is not exhausted. He seeks to stay his petition so that he can return to state court and properly exhaust this claim.

The stay petitioner seeks is available "only in limited circumstances." Rhines, 544 U.S. at 277. It is warranted only where (1) the petitioner had good cause for his failure to exhaust; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in intentionally dilatory litigation. Id. at 277-78; Clements, 485 F.3d at 169. The latter two conditions are apparently satisfied here; however, it is not clear whether the petitioner had good cause for his failure to exhaust.

Petitioner asserts that he has promptly pursued exhaustion of claim 2, but his pleadings do not provide enough specific information to assess that statement. Given petitioner's pro se status, the court will afford him one further opportunity to elaborate on his efforts to exhaust claim 2.

Petitioner shall therefore file within 30 days a written statement, not to exceed ten pages, explaining what he has done thus far to exhaust claim 2. Petitioner shall describe in detail why he was not able to seek a state court remedy on claim 2 between February 9, 2011 (when the Supreme Judicial Court denied direct review) and February 9, 2012 (when he filed this federal habeas petition). If petitioner has since filed any motion or other pleading in state court to exhaust claim 2, he shall state the date on which that motion or pleading was filed and the court in which it was filed, and shall

attach a copy. If petitioner has not yet filed any motion or pleading in state court to

exhaust claim 2, he shall explain why not.

If petitioner fails to file a written statement as described above, his petition shall

be dismissed as mixed. <u>See</u> <u>Lundy</u>, 455 U.S. 509.

## III. Conclusion

Claim 1 is DISMISSED for failing to state a violation of federal law. Claims 3 and

4 are DISMISSED at petitioner's request. Regarding claim 2, it is ORDERED that

petitioner shall file a written statement as described above.


    February 28, 2013                                 /s/Rya W. Zobel         

                 DATE                             RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE

4