UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10312-RWZ

ANTHONY MARTIN

v.

GARY RODEN

MEMORANDUM OF DECISION

April 4, 2013

ZOBEL, D.J.

Petitioner was convicted in state court on four counts of aggravated rape, one count of rape, and one count of kidnapping. He appealed that conviction to the state Appeals Court, which affirmed it; he then filed an application for leave to obtain further review (an "ALOFAR") before the Supreme Judicial Court, which was denied.

Petitioner subsequently sought federal habeas relief. His petition originally included four claims. As described in this court's order issued February 28, 2013, the petition's first claim fails to state a question of federal law; the second claim is unexhausted; and the third and fourth claims have been voluntarily dismissed. Petitioner sought to stay his petition in order to exhaust his second claim; in response, this court ordered petitioner to explain what he has done to exhaust his second claim and why he was unable to exhaust that claim before filing his federal habeas petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's

failure to exhaust his claims first in state court.")

Since that order was issued, petitioner has filed a motion to reconsider the decision on his first claim. He has also filed a two-page written statement, accompanied by thirty pages of exhibits, explaining his efforts to exhaust his second claim.

Petitioner's motion for reconsideration asserts that his first claim presents a properly exhausted federal constitutional claim based on the Speedy Trial Clause. On its face, the petition's first claim asserts only a violation of Rule 36 of the Massachusetts Rules of Criminal Procedure, which is "wholly separate" from a Speedy Trial Clause claim. Commonwealth v. Lauria, 576 N.E.2d 1368, 1371 (Mass. 1991). But even if the petition's first claim could be construed as a Speedy Trial Clause claim, no such claim was exhausted in the state courts. Petitioner correctly asserts that he mentioned a Speedy Trial Clause claim—briefly—in his ALOFAR seeking review by the Supreme Judicial Court. But he made no mention of any such claim before the Appeals Court, whose decision he sought to have the Supreme Judicial Court review. "Raising a claim for the first time to the state's highest court on discretionary review is not fair presentation for purposes of exhaustion." Gunter v. Maloney, 291 F.3d 74, 82 (1st Cir. 2002). Because petitioner did not present any federal Speedy Trial Clause claim before the Appeals Court, that claim is unexhausted. The motion for reconsideration is therefore denied.

Petitioner's written statement regarding his second claim fails to show good cause for his failure to exhaust that claim. First, petitioner's statement fails to explain why he was not able to seek collateral relief on this claim in state court between

February 9, 2011, when the Supreme Judicial Court denied direct review, and February 9, 2012, when he filed his federal habeas petition. Neither his written statement nor his exhibits describe any obstacles that should have prevented petitioner from seeking state court relief in that period. Petitioner's written statement refers generally to conflicts with his appellate counsel and his inability to proceed pro se while represented; however, he does not explain whether those problems persisted throughout the time period at issue or why they could not be resolved. As for the exhibits petitioner has submitted, namely letters showing conflict between petitioner and his counsel, they date back only to September 13, 2012. Moreover, petitioner apparently still has not filed any motion or pleading in state court seeking relief on this claim. Since nothing in the record indicates petitioner had good cause for failing to exhaust his state remedies, this case does not present the "limited circumstances" in which a stay is appropriate. Rhines, 544 U.S. at 277.

     For the reasons above, petitioner's motion for reconsideration (Docket # 19) is DENIED; petitioner's motion for a stay (Docket # 5) is DENIED; and the petition is DISMISSED for lack of exhaustion. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982). A certificate of appealability is DENIED.

    April 4, 2013                       /s/Rya W. Zobel
        DATE                               RYA W. ZOBEL
                                              UNITED STATES DISTRICT JUDGE